## Toledo, St. Louis & Western Railroad Company v. Charles W. Gerard.

1. ERRORS—*when will not reverse.* Erroneous rulings upon questions of evidence will not reverse where it is apparent that no prejudice has resulted.

Action in trespass. Appeal from the Circuit Court of Coles county; the Hon. W. C. JOHNS, Judge, presiding. Heard in this court at the May term, 1906. Affirmed. Opinion filed November 27, 1906.

CHARLES A. SCHMETTAU and A. J. FRYER, for appellant; CLARENCE BROWN, of counsel.

ANDREWS & VAUSE, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action in trespass, for the recovery of damages for injury to the land and growing crops of the plaintiff, planted on a part of said land, which damages the declaration alleges were caused by the negligent construction and maintenance of an embankment on the defendant's property, and the flooding of plaintiff's premises by water used by the defendant for washing its engines in its roundhouse. The plea of general issue was filed to the declaration, and a trial had by jury, which resulted in a verdict for the plaintiff in the sum of $675. The present appeal is taken by the defendant from the judgment rendered upon such verdict.

The evidence discloses the following facts: Appellee is the owner of a lot in the city of Charleston, containing about seven and one-half acres. During the season of 1905, he cultivated thereon some four acres of raspberry vines and about one and one-half acres of sweet and Indian corn. In the year 1904 appellant acquired the property immediately south of appellee's lot and erected thereon a roundhouse. In or near this roundhouse appellant constructed a pit which was thereafter used in connection with the washing of locomotive engine boilers, and from which a drain tile led to and emptied into a cess-pool a short distance from the line between the properties of appellant and appellee. From the cess-pool another tile was laid to a point near appellee's south line, whereby the water used in washing the boilers, and containing chemicals used to loosen the scales and lime in such boilers, was drained and discharged upon appellee's land. The evidence further shows that the cess-pool was permitted by appellant's servants to fill up with such chemicals and sediment, and that thereafter the same was carried with the water to and upon appellee's land, resulting in a practical destruction of his crops, and in the material

depreciation of the value of the land for agricultural purposes. The evidence further discloses that at the time appellant built the roundhouse, it raised the level of the ground upon which the same was located, several feet, and that as a result thereof the clay and cinders with which the filling was made, washed upon and over appellee's land for a distance of eighty-five feet and to the depth of six inches. There is also evidence tending to show that about three acres of said land was damaged permanently by the overflow of water, sediment, clay and cinders, to the extent of from $350 to $400 per acre, and that his loss sustained from damages to the corn and raspberry crops was in the neighborhood of $200.

The only grounds for reversal which are urged and argued are that the trial court erred in its rulings upon the evidence, and upon the instructions, and that the damages are excessive.

It is insisted that the court erred in permitting appellee to show what he could and had realized from crops raised upon land adjoining that damaged by the overflow; and in refusing to admit in evidence certain photographs of the berry patch and corn field, taken shortly before the trial. If the evidence warranted the jury in finding that appellant was guilty of the trespass claimed and that it was liable for the damages resulting therefrom, and, further, if the evidence warranted the amount of the verdict, the errors referred to, if they be such, were not prejudicial and discussion of the same is unnecessary. Appellee testified that three acres of his land were damaged, and that the difference in the value of the same, before and after the injury thereto, was $350 per acre. One of the witnessses called by him testified that such difference in value was $400, and another that it was $370 per acre. The evidence tends to show that the damage to the raspberry and corn crop was at least $200. It is

apparent therefore, that if the jury believed that three acres were damaged, they awarded approximately the sum of $475 or $55 per acre as damages to the land. The questions as to the value of the land both before and after the trespass, and the extent of area injured, were for the determination of the jury. While the evidence upon these issues is conflicting, we cannot say that the amount awarded was clearly excessive. The sum to be awarded as damages in cases of' this character must of necessity be determined largely from the opinions of witnesses as to values. Upon no other questions do witnesses so largely differ in their estimates, even when they attempt to testify truthfully, fairly and in good faith. The findings of juries upon such issues should not, therefore, be disturbed unless manifestly unwarranted by the evidence.

The court did not err, in refusing to give the first and seventh instructions offered by appellant. The legal principles there sought to be announced were sufficiently stated in appellant's second and eighth given instructions.

There being no prejudicial error in the record, the judgment of the Circuit Court is affirmed.

*Affirmed.*